# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 13-5252**

**September Term, 2014**

**1:13-cv-00635-RLW**

**Filed On:** November 18, 2014

National Association of Manufacturers, et al.,

       Appellants

    v.

Securities and Exchange Commission, et al.,

       Appellees

**BEFORE:**    Srinivasan, Circuit Judge; Sentelle and Randolph, Senior Circuit Judges

## O R D E R

Upon consideration of the petitions of the SEC and Amnesty International for panel rehearing filed on May 29, 2014, and the motion of Amnesty International for leave to file a supplemental brief in support of petition for panel rehearing, and the lodged supplemental brief, it is

**ORDERED** that the motion for leave to file a supplemental brief be granted. The Clerk is directed to file the lodged supplemental brief. It is

**FURTHER ORDERED** that the petitions for panel rehearing be granted. It is

**FURTHER ORDERED** that the parties file supplemental briefs, not to exceed 20 pages, addressing the following questions:

(1) What effect, if any, does this court's ruling in *American Meat Institute v. U.S. Department of Agriculture*, 760 F.3d 18 (D.C. Cir. 2014) (en banc), have on the First Amendment issue in this case regarding the conflict mineral disclosure requirement?

(2) What is the meaning of "purely factual and uncontroversial information" as used in *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1985), and *American Meat Institute v. U.S. Department of Agriculture*, 760 F.3d 18 (D.C. Cir. 2014) (en banc)?

(3) Is determination of what is "uncontroversial information" a question of fact?

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 13-5252**                                      **September Term, 2014**

In addition to electronic filing, 8 paper copies of the briefs for appellees and intervenor-appellees are due within 20 days of the date of this order and the brief for appellants is due 20 days thereafter.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. *See D.C. Circuit Handbook of Practice and Procedures* 41 (2013); *Notice Regarding Use of Acronyms* (D.C. Cir. Jan. 26, 2010).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Jennifer M. Clark
Deputy Clerk